**Rafael Romeo REQUENA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–72392.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2003.[*]

Decided Nov. 13, 2003.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] Honorable Myron H. Bright, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Howard R. Davis, Esq., Judith Seeds Miller, Esq., Van Nuys, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Susan Houser, Esq., Emily Anne Radford, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BRIGHT[**], O'SCANNLAIN, and MCKEOWN, Circuit Judges.

MEMORANDUM[***]

Rafael Romeo Requena appeals the BIA's denial of his motion to reopen his application for adjustment of status. Requena alleges the BIA erred in concluding that the Immigration Judge ("IJ") provided 1) adequate oral notice, even though he did not specify the consequences for failing to depart voluntarily within the time allowed; and 2) adequate written notice, even though a Spanish-language notice is not in the administrative record. We hold that Requena did not receive adequate oral notice, and the statutory bar against adjustment of status does not apply.

Under Section 242B(e)(2)(B) of the Immigration and Naturalization Act, 8 U.S.C. § 1252(b) (repealed), oral notice must be explicit. An alien receives inadequate oral notice if the IJ does not specifically enumerate the forms of relief that would be lost for failure to depart voluntarily. *See*

---

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

*Ordonez v. INS*, 345 F.3d 777 (9th Cir. 2003). It is not sufficient for the IJ to reference orally the terms listed on the written notice. *Id.* Because Requena did not receive adequate oral notice, the statutory bar against eligibility for relief does not apply. INA § 242B(e)(2)(B). It was therefore an abuse of discretion for the BIA to deny Requena's application on those grounds. The record supports the BIA's determination as to the adequacy of written notice.

The decision of the BIA is **REVERSED AND REMANDED** for further proceedings.